In the Matter of Laurie BJERGUM,
petitioner, Respondent,

v.

Randall BJERGUM, Appellant.

No. C5–86–640.

Court of Appeals of Minnesota.

Aug. 26, 1986.

Laurie Bjergum, pro se.

Dean E. Emanuel, Caledonia, for appellant.

Considered and decided by FOLEY, P.J., and HUSPENI and CRIPPEN, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Randall Bjergum appeals from a domestic abuse protection order, claiming that evidence presented at the domestic abuse hearing was insufficient to warrant issuance of the protective order under Minn. Stat. § 518B.01 (1984). Appeal is taken under Minn.R.Civ.App.P. 103.03(e). We reverse.

## FACTS

On March 17, 1986, appellant Randall Bjergum was served with an order for a domestic abuse hearing and ex parte order for protection that restrained him from committing any acts of domestic abuse upon respondent Laurie Bjergum or upon the parties' children and excluded him from the parties' homestead, effective immediately. The order was based on an affidavit and petition filed by respondent that alleged certain incidents of domestic abuse in March, April and July of 1984, as well as incidents of child abuse at an unspecified time. One such incident allegedly required police intervention when appellant began throwing furniture around.

A domestic abuse hearing was held on March 24, 1986. Respondent appeared pro se. Appellant testified and admitted the allegations of domestic abuse up to July 1984, but denied that similar incidents had taken place after that time. He also denied respondent's allegations that he physically and verbally abused the children after he

had been drinking and that he threatened to commit suicide if respondent left him.

Appellant explained that he had joined Alcoholics Anonymous in December 1985, that he successfully completed three months of the program and that he intended to remain in the program. He also stated that he and respondent had received marital counseling on at least three occasions in 1985, and that he wanted to continue counseling on an on-going basis. From Christmas 1985 to the time of the hearing, appellant was unemployed, received unemployment compensation and assumed primary responsibility for the care of the children at home while respondent worked.

The court then asked respondent a number of questions. She was not sworn under oath. When asked what events, if any, had occurred after the incidents alleged in the petition, respondent stated that appellant continued to make suicide threats as recently as a week prior to the hearing and that his abuse of the children "has been as recent as Christmas time." She did not elaborate on this latter allegation. She also stated that since Christmas 1985, while the parties still lived together, appellant would follow her around the house and repeatedly ask whether she still loved him. Respondent further related that she had received counseling for family members of alcoholics and that the treatment reinforced her perception of the marital relationship. Appellant's request to cross-examine respondent was denied.

The court concluded that the evidence sustained the petition and on March 31, 1986 continued the order for protection for one year. The order further provided appellant with visitation rights and directed him to pay temporary child support.

On April 10, 1986, following appellant's alleged violations of the March 31 order, the trial court amended the original protection order to further restrict appellant's contact with respondent. This appeal followed.

## ISSUE

Was sufficient evidence produced at the domestic abuse hearing to warrant issuance of a protection order pursuant to Minn.Stat. § 518B.01 (1984)?

## ANALYSIS

"Domestic abuse" is defined in part under Minn.Stat. § 518B.01, subd. 2(a) (1984) as:

(i) physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault, between family or household members * *.

Appellant claims that the record contains no evidence of domestic abuse during the period following July 1984, and that even if the prior incidents were considered, they would be too remote to support the trial court's order. We agree.

In *Kass v. Kass*, 355 N.W.2d 335 (Minn. Ct.App.1984), this court reversed the trial court's determination that four-year-old allegations of physical abuse provided a sufficient basis for a protection order. In so holding, this court first noted that there was no evidence of physical abuse stemming from a more recent incident where the respondent alleged that a car following her belonged to her ex-husband. Accordingly, disposition of the case rested on whether there was an "infliction of fear of imminent physical harm, bodily injury or assault" as provided under the statute.

[U]se of the phrase "infliction of fear" in the statute implies that the legislature intended that there be some overt action to indicate that appellant *intended* [emphasis in original] to put respondent in fear of *imminent* [emphasis supplied] physical harm. * * * Thus, we construe the definition of "domestic abuse" under Minnesota's Domestic Abuse Act to require either a showing of present harm, or an intention on the part of appellant to do present harm.

Although we sympathize with respondent's concern for her safety founded upon bad experiences of the past, those experiences are, by respondent's own admission, four years old. Even if we view

the facts in the light most favorable to respondent, and accept that there was domestic abuse in the past and that appellant [was the person following the respondent's car], the *record is devoid of any showing of appellant's present intention to do harm or inflict fear of harm.* [Emphasis supplied.] Thus, we find no record to justify the issuance of a restraining order merely based upon respondent seeing appellant on a public street for the first time in four years.

*Kass,* 355 N.W.2d at 337.

In the present case, respondent's March 17, 1986 petition stated:

[Appellant] has inflicted physical abuse upon [respondent] in the past. In *March and April of 1984,* [appellant] beat [respondent], giving her black eyes and leaving finger marks on her face.

In *July of 1984,* [appellant] came home and stated to [respondent] "You have hurt me so much so now I'm going to hurt you." [Appellant] then proceeded to throw the furniture around the home. [Respondent] was fearful for her safety and the safety of her children; she called the [police]. They came to the home and took [respondent] and the minor children to her mother's house.

When [appellant] has been drinking he verbally and physically abuses the minor children. He has pinched them so hard that a bruise was left on them for a week.

[Appellant] has also threatened that he will commit suicide if the petitioner ever leaves him. [Respondent] is fearful that he will do this when she is at work and he is home with the children. (Emphasis supplied.)

This petition demonstrates that domestic abuse occurred *in the past,* a fact appellant admits. What it does not specify is intent to do *present* harm to either respondent or the children. The trial court's comments recognize this shortcoming:

We are here to determine whether or not Mrs. Bjergum is entitled under the state statute regarding this type of protection to have an Order for Protection and since she has stated in her affidavit that *she has reason to feel that she is threatened in some way,* she is entitled to that Order so I am certainly going to issue the Order that she is requesting, that her husband be restrained from causing her or the children, *not that he has caused any physical harm to them,* but he is restrained from any, causing any harm, bodily injury, assault or the infliction of fear of imminent physical harm, bodily injury or assault. (Emphasis supplied.)

At the hearing, respondent stated that appellant abused the children as recently as Christmas 1985, yet the record is devoid of any details surrounding the alleged episode. Also noteworthy is the absence of any allegations of abuse stemming from the period of time appellant functioned as the children's primary caretaker, as well as the fact that respondent voluntarily allowed appellant to care for the children on four occasions *after* his original court-ordered exclusion from the home.

Our decision here is not an easy one. The strife and emotional instability inherent in the parties' relationship is readily apparent. Further complicating our result is the fact that the parties lived together up to the time of the domestic abuse hearing. This living arrangement is likely to continue even after reversal of the protection order.

Whatever difficulty we encounter in reaching our decision, however, must give way to the unequivocal language of Minn. Stat. § 518B.01, subd. 2(a). Where the record fails to establish appellant's "present intention to do harm or inflict fear of harm," we have no alternative but to reverse the protection order. Since appellant voiced no objection during a court services report to being enjoined from causing respondent or his children physical harm, bodily injury, assault or infliction of imminent fear of these actions, the trial court is instructed to issue a protection order limited to this form of restraint.

## DECISION

Evidence presented at the domestic abuse hearing was insufficient to warrant

issuance of a protection order under Minn. Stat. § 518B.01, subd. 2(a).

Reversed.