Bontu Bullo GADA, petitioner,
Respondent,

v.

Nuro Badaso DEDEFO, Appellant.

No. A03–1441.

Court of Appeals of Minnesota.

Aug. 3, 2004.

Ryan T. Murphy, Grant D. Fairbairn, Fredrikson & Byron, P.A., Minneapolis, MN, for respondent.

Nuro B. Dedefo, Columbia Heights, MN, pro se appellant.

Considered and decided by KALITOWSKI, Presiding Judge; RANDALL, Judge; and WRIGHT, Judge.

## OPINION

WRIGHT, Judge.

Appellant-father challenges the district court's decision to grant respondent-mother an order for protection, arguing that (1) the district court abused its discretion in declining to grant a continuance; and (2) the district court's decision to grant the order for protection is not supported by sufficient evidence. Appellant also contends that the district court erred by awarding temporary custody to respondent without making findings as to the best interests of the child. We affirm in part and remand in part.

## FACTS

On August 8, 2003, appellant-father Nuro Badaso Dedefo and respondent-mother Bontu Gada were involved in an altercation. The nature of the altercation is disputed. Gada maintains that Dedefo kicked her in the back, twisted her left arm, and pushed her. Dedefo denies engaging in physical violence with Gada and contends that Gada attempted to hit him with a trophy. On August 20, after telling Dedefo that she was taking their infant to the clinic, Gada left their home with the child and moved in with a friend.

Shortly thereafter, Gada petitioned for an order for protection based on the events of August 8. On August 23, Dedefo was served with the petition, which stated: "NOTICE TO RESPONDENT.... Be prepared for a hearing on the scheduled date.... You should bring any available documents, such as police reports, hospital and doctor records, pictures, witnesses, or other items." Dedefo arrived at the hearing on August 29 without an attorney. But elders from the Oromo community, of which Dedefo is a member, accompanied him to the hearing with the intention to mediate the dispute and convince Gada to dismiss the petition. The elders approached Gada when she arrived for the hearing and directed her to dismiss the petition.

When Gada declined to do so, Dedefo, a licensed attorney, sought a continuance to retain counsel and secure the appearance of witnesses. The district court denied the motion for a continuance and proceeded with an evidentiary hearing. Dedefo, Gada, the parties' two older children, and Dedefo's mother testified about the events of August 8.

Custody of the two older children was not in dispute. But each party sought sole legal and physical custody of the infant.

Finding that Dedefo committed domestic abuse on August 8, the district court issued an order for protection. The district court then awarded temporary sole legal and physical custody of the two older children to Dedefo and awarded temporary sole legal and physical custody of the infant to Gada. Dedefo was awarded parenting time with the infant every other weekend. This appeal followed.

## ISSUES

I. Did the district court abuse its discretion in denying appellant's motion for a continuance?

II. Did the district court abuse its discretion in granting the order for protection?

III. Where temporary custody was contested, did the district court err in awarding custody without making findings as to the best interests of the child?

## ANALYSIS

### I.

The decision to grant or deny a continuance falls within the district court's broad discretion. *Dunshee v. Douglas,*

255 N.W.2d 42, 45 (Minn.1977). Absent a clear abuse of that discretion, we will not disturb the district court's ruling. *Id.*

Dedefo argues that the district court abused its discretion when it denied his motion for a continuance in order to secure an attorney and the appearance of witnesses. Six days prior to the hearing, Dedefo, a licensed attorney, was served with the petition notifying him of the hearing date and directing him to be prepared to proceed with witnesses and documentary evidence. Dedefo attributed his lack of preparation to his intention to convince Gada to dismiss the petition. And the record demonstrates that, immediately before the commencement of the hearing, community elders in attendance engaged in an unsuccessful attempt to pressure Gada to dismiss the petition. Dedefo has not identified a single witness who was unavailable. Indeed, all of the witnesses to the events on August 8 testified.

In reaching its decision, the district court reasoned that Dedefo was aware of his right to counsel and chose not to secure an attorney for the hearing. The district court also found that a continuance would subject Gada to further harassment by Dedefo and the community elders. In light of these considerations and the facts in the record, it is evident that the district court weighed the parties' interests and exercised its discretion in a reasonable manner. Thus, we conclude that the district court's denial of the motion for continuance provides no basis for reversal.

## II.

■ A district court's decision to issue an order for protection under the Minnesota Domestic Abuse Act will be reversed on appeal when it lacks sufficient evidentiary support. *Bjergum v. Bjergum,* 392 N.W.2d 604, 606–07 (Minn.App.1986). We review the district court's findings of fact for clear error. Minn. R. Civ. P. 52.01. In doing so, we view the evidence in the light most favorable to the decision. *Rogers v. Moore,* 603 N.W.2d 650, 656 (Minn.1999). We neither reconcile conflicting evidence nor decide issues of witness credibility, which are exclusively the province of the factfinder. *Porch v. Gen. Motors Acceptance Corp.,* 642 N.W.2d 473, 477 (Minn. App.2002); *see also Sefkow v. Sefkow,* 427 N.W.2d 203, 210 (Minn.1988) (stating that appellate courts defer to district court credibility determinations). We will not reverse merely because we view the evidence differently. *Rogers,* 603 N.W.2d at 656. "That the record might support findings other than those made by the [district] court does not show that the ... findings are defective." *Vangsness v. Vangsness,* 607 N.W.2d 468, 474 (Minn. App.2000). Rather, to warrant reversal, the district court's findings must be clearly erroneous or "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *Rogers,* 603 N.W.2d at 656 (quoting *Northern States Power Co. v. Lyon Ford Prods., Inc.,* 304 Minn. 196, 201, 229 N.W.2d 521, 524 (1975)).

The Minnesota Domestic Abuse Act authorizes a district court to issue an order for protection to "restrain the abusing party from committing acts of domestic abuse." Minn.Stat. § 518B.01, subd. 6(a)(1) (2002). "Domestic abuse" includes the infliction of physical harm or fear of imminent physical harm by one family or household member against another. Minn. Stat. § 518B.01, subd. 2(a) (2002). Although several accounts of the altercation between Gada and Dedefo were given, Gada testified that Dedefo's mother was the only nonparty witness to the physical abuse. Based on the findings, we must assume that the district court found Gada credible. *See Sefkow,* 427 N.W.2d at 210.

Gada testified that Dedefo kicked her in the back and twisted her left arm. This testimony supplies a sufficient evidentiary basis for the district court's finding that Dedefo inflicted physical harm on a family or household member. *See* Minn.Stat. § 518B.01, subds. 2(a)(1), 6(a)(1). Accordingly, Dedefo's challenge fails.

### III.

Statutory construction is a question of law, which we review de novo. *Sorenson v. St. Paul Ramsey Med. Ctr.,* 457 N.W.2d 188, 190 (Minn.1990). A basic canon of statutory construction is that words and phrases are construed according to their plain meaning. Minn.Stat. § 645.16 (2002). When a statute's meaning is plain and unambiguous, we apply that meaning as a manifestation of legislative intent. *Id.; White v. White,* 676 N.W.2d 682, 683 (Minn.App.2004).

Dedefo argues that the district court erred in awarding temporary custody of the parties' youngest child to Gada without making the requisite findings as to the best interests of the child. Under the Minnesota Domestic Abuse Act, a district court is empowered to "award temporary custody ... with regard to minor children of the parties on a basis which gives primary consideration to the safety of the victim and the children. Except for cases in which custody is contested, [best interests] findings ... are not required." Minn.Stat. § 518B.01, subd. 6(a)(4) (2002). Here, custody of the parties' youngest child was disputed. The plain language of the statute requires findings as to the best interests of the child when custody is contested. Thus, the district court was required to make findings as to the best interests of the youngest child. *Id.*

Relying on the Minnesota Supreme Court's decision in *Baker v. Baker,* 494 N.W.2d 282, 287–88 (Minn.1992), Gada argues that best-interests findings were not required. Gada's reliance on *Baker* is misplaced. The *Baker* court interpreted the 1990 version of Minn.Stat. § 518B.01, subd. 6(a), which did not include the later-enacted exception for cases involving contested custody. *Compare* Minn.Stat. § 518B.01, subd. 6(a)(4) (2002), *with* 1992 Minn. Laws ch. 571 art. 6, §§ 3, 4. Gada's argument that best-interests findings are not required under Minn.Stat. § 518B.01, subd. 6, is contrary to the statute in effect at the time of the temporary-custody decision.

The district court's order awarding temporary custody of the youngest child to Gada is silent as to the best interests of the child. Therefore, we remand for such findings as required by Minn.Stat. § 518B.01, subd. 6(a)(4) (2002).

### DECISION

Because the record supports the district court's decisions to deny the motion for a continuance and to grant the order for protection, we affirm those decisions. Because custody of the youngest child was contested and the district court's order awarding temporary custody of this child did not include findings as to the child's best interests, we remand to the district court for such findings in accordance with Minn.Stat. § 518B.01, subd. 6(a)(4) (2002).

**Affirmed in part, remanded in part.**