*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2113**

In re the Matter of: Sara Marie Gasper o/b/o
A. R. G., A. J. G. and A. L. G., petitioner,
Respondent,

vs.

Jacob Carl Gasper,
Appellant.

**Filed August 24, 2015
Affirmed
Hooten, Judge**

Dodge County District Court
File No. 20-FA-14-712

Amber M. Lawrence, Dittrich & Lawrence, P.A., Rochester, Minnesota (for appellant)

Ryan B. Magnus, Jennifer Thon, Jones and Magnus, Mankato, Minnesota (for
respondent)

Considered and decided by Halbrooks, Presiding Judge; Peterson, Judge; and

Hooten, Judge.

## U N P U B L I S H E D   O P I N I O N

**HOOTEN**, Judge

Appellant was convicted of domestic assault in 2012, and in 2014 the state filed

criminal charges against him after he allegedly assaulted his child. Respondent,

appellant's former spouse, obtained an order for protection (OFP) for herself and their

three children. Appellant now argues that the district court violated his right to due process during the OFP hearing and abused its discretion in granting the OFP. Because the district court conducted a proper hearing and because there is sufficient evidence supporting the district court's findings to issue the OFP, we affirm.

## FACTS

Appellant Jacob Carl Gasper and respondent Sara Marie Gasper married in 2004. During their marriage, respondent gave birth to their three children in 2005, 2008, and 2010. In 2012, appellant was convicted of misdemeanor domestic assault of the parties' four-year-old son. Following appellant's conviction, respondent sought a divorce, and, in 2013, the district court dissolved their marriage.

In 2014, the state charged appellant with the gross misdemeanor of assaulting the parties' eight-year-old son within ten years of a previous domestic abuse conviction. The state alleges that appellant injured his son after grabbing the child's chin, neck, and head. Respondent then petitioned the district court for an emergency OFP, filing 91 pages of documents detailing her allegations of appellant's history of domestic abuse. These allegations largely consisted of a series of events where respondent claimed that appellant's physical discipline of their three children escalated and became abusive. Respondent also alleged that she and the children feared appellant would physically harm them. Respondent's documents included a reference to appellant's conviction for domestic abuse as well as the recently filed criminal complaint. After the district court reviewed these files, it granted respondent and the three children an emergency OFP.

2

Appellant requested a hearing to challenge the OFP. At the hearing, respondent directed the district court to the 91 pages of documents that she submitted to support her petition for an emergency OFP. She testified that she feared for the safety of her children and herself following the state's decision to formally charge appellant for domestic assault, and she "had seen anger escalate in him over the time, over the recent months."

Appellant testified and admitted that the state had filed criminal charges against him for domestic assault. When the district court asked if he wished to add to the responsive affidavit he filed, appellant stated that respondent's allegations "aren't accurate statements." When asked about his pending criminal charge, appellant stated that "there's been a long history of [the child] making allegations against me that aren't true." The district court noted that social services has repeatedly been involved with appellant and his children, and appellant stated the reason for this was because "instead of calling me directly, [respondent] just call[s] law enforcement to . . . report the situation." When asked if he had anything else to add, appellant stated, "I have been fully cooperative with Child Protection Services every time they've gotten involved, which is numerous times."

Counsel for both sides addressed the specific allegations in respondent's affidavits. Appellant's counsel stated that "just because there was probable cause from a criminal complaint . . . doesn't mean that your hands are tied in an OFP hearing." The parties indicated that they had nothing further to add. Later that day, the district court issued its written order affirming the emergency ex parte order that it had previously

3

granted, with the one exception that appellant was granted "supervised parenting time with the minor children through the Family Access Center."

Appellant now challenges the district court's order.

**D E C I S I O N**

**I.**

Appellant argues that the district court violated his right to due process during the OFP hearing because the district court (1) denied him the opportunity to present and cross-examine witnesses, (2) prevented him from introducing documents, and (3) did not decide the case on the merits. There is no support in the record for these claims.

If the district court grants an ex parte OFP, the order shall be effective until modified or vacated by the district court following a hearing. Minn. Stat. § 518B.01, subd. 7(c) (2014). The Domestic Abuse Act is silent as to the scope of the hearing that follows an ex parte OFP. *See* Minn. Stat. § 518B.01, subd. 5 (2014). But, this court has determined that during an OFP hearing regarding the issues raised by the issuance of an emergency OFP, the challenging party has the right "to present and cross-examine witnesses, [to] produce documents, and [to] have [the] case decided on [the] merits." *Beardsley v. Garcia*, 731 N.W.2d 843, 849 (Minn. App. 2007), *aff'd*, 753 N.W.2d 735 (Minn. 2008).[1]

---

[1] *Beardsley*'s description of a "hearing" is built on *El Nashaar v. El Nashaar*, 529 N.W.2d 13, 14 (Minn. App. 1995), which described the "full hearing" requirement under the Domestic Abuse Act in effect during El Nashaar's appeal. After *El Nashaar* was filed, the Domestic Abuse Act was amended to remove the "full hearing" language, and now only a "hearing" is required. *See* 1995 Minn. Laws ch. 142, § 5 at 404. Because the

Appellant argues first that the district court denied him the opportunity to present and cross-examine witnesses at the OFP hearing. Appellant asserts that during a telephone conference prior to the OFP hearing, the district court informed the parties that they could not call or cross-examine any witnesses. The record on appeal does not contain any evidence that such a telephone conference actually occurred. *See* Minn. R. Civ. App. P. 110.01 ("The documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases."). Because appellant did not object to the district court's purported restrictions at the OFP hearing we deem it waived. *See Beardsley*, 731 N.W.2d at 850 ("Although a petitioner in an OFP proceeding is entitled to a hearing, the failure to request a particular procedure . . . constitutes waiver."). And, even if we wanted to excuse this waiver, we could not as his lack of objection means there is no decision that we can review. *See Thiele v. Stich*, 425 N.W.2d 580, 583 (Minn. 1988) ("An appellate court may not base its decision on matters outside the record on appeal, and may not consider matters not produced and received in evidence below.").

Appellant asserts next that the district court prevented the parties from offering evidence. The record indicates that both parties submitted affidavits and supporting documentation. Both parties repeatedly testified about these documents. The district court, agreeing that these documents were "part of the record," repeatedly asked each party and counsel whether they wanted to add any further testimony or add "anything

impact of the 1995 amendment was not argued to the district court or briefed to this court, we decline to address whether that amendment affects appellant's argument.

5

else" to their testimony. There is no support in the record for appellant's assertion that the district court denied the parties the opportunity to introduce evidence.

Appellant argues next that he was entitled to have his case decided on the merits and the district court's "failure to allow for a hearing as required under the Act" deprived him of this right. Appellant does not explain how the district court failed to decide this case on the merits. And the record unambiguously reveals that the district court carefully considered the arguments and ordered the OFP based on the substance of the parties' evidence and testimony. And, since we have already concluded that appellant received the procedures required under *Beardsley*, we reject his assertion that the district court decided this case on any basis other than "the merits."

## II.

Appellant challenges the district court's decision to grant the OFP, arguing that the district court's findings that appellant committed domestic abuse and is a danger to respondent and the three children is not supported by the record.

The district court has discretion to grant an OFP under the Domestic Abuse Act, and this court will not reverse the district court's decision unless the district court abuses its broad discretion. *Braend ex rel. Minor Children v. Braend*, 721 N.W.2d 924, 926–27 (Minn. App. 2006). A district court abuses its discretion when deciding whether or not to grant an OFP when it makes findings of fact that are unsupported by the record. *Chosa ex rel. Chosa v. Tagliente*, 693 N.W.2d 487, 489 (Minn. App. 2005). When reviewing a district court's decision to grant an OFP, this court does not attempt to "reconcile

6

conflicting evidence" as that task belongs exclusively to the district court as the fact finder. *Gada v. Dedefo*, 684 N.W.2d 512, 514 (Minn. App. 2004).

The Domestic Abuse Act permits a family member to petition for an OFP in cases of domestic abuse. Minn. Stat. § 518B.01, subd. 4(a) (2014). The petition must "allege the existence of domestic abuse" by reference to "specific facts and circumstances." *Id.*, subd. 4(b) (2014). If the alleged victim is a former spouse or a child, "[d]omestic abuse" includes "physical harm, bodily injury, or assault," or "the infliction of fear of imminent physical harm, bodily injury, or assault." *Id.*, subd. 2(a) (2014). If the petitioner persuades the district court that an OFP should be granted, the district court has wide latitude in granting relief. *See id.*, subd. 6(a) (2014).

We affirm because the district court's finding that respondent and the three children are in "immediate danger of domestic abuse" is supported by the record. The district court analyzed 91 pages of respondent's documents that detailed specific allegations of appellant's history of domestic abuse. The district court observed that appellant has a *criminal conviction* for assaulting one of his children. And, the district court considered that appellant is currently charged with assaulting one of his other children. These allegations, the conviction, and the pending criminal charge provide sufficient support for the district court's findings. *See Gada*, 684 N.W.2d at 514; *see also Boniek v. Boniek*, 443 N.W.2d 196, 198 (Minn. App. 1989) ("Past abusive behavior, although not dispositive, is a factor in determining cause for protection.").

Appellant's two arguments against the OFP are not persuasive. First, appellant contends that respondent made no specific allegations of abuse against her or the child

7

who was not a victim in either of the two domestic abuse charges brought against appellant. He therefore contends that the district court erred in granting the OFP to include not only the two children who were the victims in the criminal charges, but also respondent and his third child. This argument misstates the district court's findings and ignores the statute's definition of domestic abuse. The district court found that all four family members *feared* that they were subject to imminent harm based on appellant's past and present abusive behavior. This fear was increasingly credible because respondent testified that appellant's "anger" had escalated in "the recent months." And the family members who were not physically harmed still witnessed the physical harm appellant inflicted on the other members. That is domestic abuse. *See* Minn. Stat. § 518B.01, subd. 2(a) (defining "[d]omestic abuse" to include "the infliction of fear of imminent physical harm, bodily injury, or assault"). There is nothing in the Domestic Abuse Act to support appellant's implicit argument that he must physically harm every member of his family before the district court may extend the OFP beyond those physically harmed in the past. And the caselaw rejects this approach. *See Pechovnik v. Pechovnik*, 765 N.W.2d 94, 99 (Minn. App. 2009) (stating that district court may infer a present intent to commit domestic abuse against one family member based on the totality of the circumstances, including previous abusive behavior). Appellant offers no compelling argument why his conduct toward two of his children that was so severe it resulted in criminal charges could not support the district court's view that respondent and the other child feared appellant.

8

Second, appellant misconceives this court's review on appeal. Appellant repeatedly attempts to challenge *respondent's allegations* of domestic abuse, but he must challenge the *district court's findings*. For example, appellant disputes respondent's allegation that he "choked" the child at issue in the pending criminal charge. But he does not challenge the district court's finding that he committed domestic abuse because he *physically harmed* his child and caused the child *bodily injury* even though the state's criminal complaint did not also use the word "choke." *See* Minn. Stat. § 518B.01, subd. 2(a) (defining "[d]omestic abuse" to include "physical harm, bodily injury, or assault"). He attempts to rebut many of respondent's allegations, but we do not reverse a district court's findings simply because there may be conflicting accounts in the record; it is the district court's obligation to reconcile these conflicting accounts and we will not disturb the district court's well-reasoned decision here to find that the weight of the evidence favored granting the OFP. *See Gada*, 684 N.W.2d at 514. Because appellant does not argue that there is *no* support for the district court's findings, but instead only asks us to resolve the conflicting evidence differently than the district court, we decline to reverse. *See id.*

Respondent provided a detailed account of specific allegations that appellant committed domestic abuse against her and their three children. Respondent provided the district court with evidence of appellant's criminal conviction for domestic abuse and a pending criminal charge for domestic abuse against two of their children. Appellant does not directly challenge the district court's findings but makes arguments that misconceive

9

the nature of domestic abuse.  Under this record, we affirm the district court's decision to grant an OFP on behalf of respondent and all three children.

**Affirmed.**