*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-0757**


In the Matter of:
Carrie Ann Seibert, individually and
o/b/o C. A. A. and C. C. A., petitioner,
Respondent,

vs.

Adam Cain Anderson,
Appellant.


**Filed March 28, 2016**
**Affirmed**
**Kalitowski, Judge\***


Crow Wing County District Court
File No. 18-FA-14-4337

Carrie Ann Seibert, Brainerd, Minnesota (pro se respondent)

Adam Cain Anderson, Savage, Minnesota (pro se appellant)

Considered and decided by Larkin, Presiding Judge; Hooten, Judge; and Kalitowski, Judge.

_____

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## UNPUBLISHED OPINION

**KALITOWSKI**, Judge

Appellant Adam Cain Anderson argues that the district court abused its discretion by issuing an order for protection (OFP) based on inadequate findings, asserting that the record does not demonstrate that appellant has a present intent to inflict fear of imminent physical harm, bodily injury, or assault upon respondent. We affirm.

## DECISION

Appellant argues that the record fails to support a finding of domestic abuse to warrant the issuance of an OFP. We disagree.

A district court's decision to grant relief under the Minnesota Domestic Abuse Act, Minn. Stat. § 518B.01 (2014), is reviewed for an abuse of discretion. *See McIntosh v. McIntosh*, 740 N.W.2d 1, 9 (Minn. App. 2007) (stating that "[w]hether to grant relief under the Domestic Abuse Act . . . is discretionary with the district court"). A district court abuses its discretion when it issues an OFP that lacks evidentiary support. *Gada v. Dedefo*, 684 N.W.2d 512, 514 (Minn. App. 2004). An OFP lacks evidentiary support when the findings are clearly erroneous, manifestly contrary to the weight of the evidence, or not reasonably supported by the evidence as a whole. *Id.* This court reviews the record in a light most favorable to the district court's findings. *Pechovnik v. Pechovnik*, 765 N.W.2d 94, 99 (Minn. App. 2009). An appellate court will "neither reconcile conflicting evidence nor decide issues of witness credibility." *Gada*, 684 N.W.2d at 514.

The Domestic Abuse Act provides that a district court may issue an order for protection in cases of domestic abuse. Minn. Stat. § 518B.01, subd. 6(a) (2014). Domestic abuse includes the infliction of physical harm or fear of imminent physical harm by one family or household member against another. Minn. Stat. § 518B.01, subd. 2(a)(1)-(2) (2014). To establish domestic abuse, a petitioner must prove a present intent by the respondent to do harm or inflict fear of harm. *Boniek v. Boniek*, 443 N.W.2d 196, 198 (Minn. App. 1989); *Bjergum v. Bjergum*, 392 N.W.2d 604, 606 (Minn. App. 1986) (reversing order for protection when record contained no evidence of present harm or present intention to inflict fear of imminent harm). Such present intent may be inferred from the totality of the circumstances. *Pechovnik*, 765 N.W.2d at 99. An act that does not otherwise seem abusive, such as verbal threats or indirect physical aggression, may be found to be abusive when viewed in the context of past abuse or threats. *Boniek*, 443 N.W.2d at 198; *Hall v. Hall*, 408 N.W.2d 626, 628-29 (Minn. App. 1987), *review denied* (Minn. Aug. 19, 1987).

Here, there is evidence in the record to support the issuance of the OFP. It is undisputed that there are multiple holes in the walls of the home. Appellant admitted to being the cause of at least three of them. He testified that one of the holes occurred as a result of his punching the wall after getting upset at a video game. He also testified about an incident on October 12, 2014, when he confronted respondent about a pending foreclosure on the home. Although appellant and respondent dispute the specific events that occurred during the argument, he conceded at trial that she could have construed his actions as a threat. The district court agreed that his statements to her during the incident

could have been perceived as a threat. Although the district court did not make a specific finding that appellant's recent actions constitute domestic abuse, the aggressive nature of appellant's conduct, combined with testimony from the guardian ad litem (GAL) about past abusive behavior, supports a finding that an OFP is warranted under the circumstances.

Appellant argues that it was error for the district court to grant the OFP because the district court cited several instances where respondent was not credible. We disagree.

"A district court's findings of fact will not be set aside unless they are clearly erroneous." *Chosa ex rel. Chosa v. Tagliente*, 693 N.W.2d 487, 489 (Minn. App. 2005); *see also* Minn. R. Civ. P. 52.01. On review, we view the evidence in the light most favorable to the district court's findings and give special deference to findings that are made upon conflicting evidence. *Rasmussen v. Two Harbors Fish Co.*, 832 N.W.2d 790, 797 (Minn. 2013); *see Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988) ("Deference must be given to the opportunity of the trial court to assess the credibility of the witnesses."). A district court's factual findings will be reversed only if, after reviewing the entire record, we are "left with the definite and firm conviction that a mistake has been made." *Gjovik v. Strope*, 401 N.W.2d 664, 667 (Minn. 1987).

Appellant raises concern over several of the district court's findings regarding respondent's credibility. Although the district court took issue with some of respondent's statements, it did not reject all of them. And it is within the purview of the district court to make credibility determinations and independently decide whether the elements for an OFP have been met based on the facts before the court at the time.

Moreover, the district court relied heavily on the GAL's testimony that appellant's and respondent's son, C.A.A., communicated to him that he had witnessed appellant hit respondent across the face in the past. The GAL testified that he had no doubts as to the child's veracity because the child seemed to be very upset, had tears in his eyes, and showed no signs indicating that he was lying.

The GAL also testified that appellant presented several "red flags" during a conversation the two of them had, which led the GAL to recommend a domestic-violence inventory. He stated that it took a lot of effort to steer appellant toward the family situation and away from financial concerns that gave rise to the incident leading to the petition for the OFP. Appellant also pointed out that, although they fought in front of the children, it never got physical. This concerned the GAL because appellant seemed to feel a need to specifically mention this. Appellant told him he got sole physical and legal custody of C.A.A. to ensure that respondent was serious about staying in the relationship with him. The GAL felt that this spoke to an element of control that appellant displayed toward respondent. In addition, appellant mentioned that he was not enforcing respondent's child-support obligations. The GAL found this odd because appellant and respondent were living together and raising the children together, and he construed this as an attempt by appellant to prove how generous he was toward respondent. The GAL also testified that he was concerned with appellant's comment that he wanted full custody of both children because it contradicted appellant's stated desire to remain in a relationship with respondent. Finally, he found it concerning that appellant said that he would praise respondent when he felt that she did a good job cleaning the house.

We defer to the district court's credibility determinations. And our review of the record indicates that parts of respondent's testimony and the GAL's testimony establish facts from which appellant's intent to inflict fear of imminent physical harm may be inferred. We therefore conclude that the district court had sufficient evidence to grant the OFP.

**Affirmed.**