*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0378**

In the Matter of: Tracy Elizabeth Thompson
and o/b/o Minor Child, petitioner,
Respondent,

vs.

John Patrick Schrimsher,
Appellant.

**Filed January 9, 2017
Reversed
Hooten, Judge**

Ramsey County District Court
File No. 62-DA-FA-15-1155

Bradford Colbert, St. Paul, Minnesota (for respondent)

Cathryn C. Schmidt, Amy E. Edwall, Collins, Buckley, Sauntry & Haugh, P.L.L.P., St. Paul, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Hooten, Judge; and Smith, T., Judge.

## UNPUBLISHED OPINION

**HOOTEN**, Judge

In this appeal from an order for protection (OFP), appellant-father argues that the district court abused its discretion in issuing the OFP in favor of respondent-mother and their minor child. Because there is no evidentiary support in the record of continuing

physical abuse or a present intent to inflict imminent physical abuse by appellant against respondent mother, and no evidentiary support of domestic abuse by appellant against their minor child, we reverse.

## FACTS

Appellant John Schrimsher and respondent Tracy Thompson met in Minnesota in 2009 and are the parents of a minor child, who was born on in 2012. According to respondent, appellant was verbally and physically abusive throughout their relationship. In April 2012, while respondent was living with appellant in Georgia, they became involved in a physical altercation in which he dragged her to their bedroom, attempted to handcuff her, and then finally forced her to sit silently on the back porch with him for two hours. After this incident, respondent took their minor child and moved back to Minnesota.

In July 2012, respondent filed for an OFP against appellant in Hennepin County, but it was dismissed with prejudice because she did not attend the hearing. Appellant, who continued to reside in Georgia, filed a petition in Georgia to establish parentage and to get custody rights to the minor child. The parties went through a long and contentious battle for custody of the minor child in Georgia, which culminated in the court awarding the parties' joint legal custody and primary physical custody of the minor child to respondent. Appellant, who eventually moved to California, was allowed to visit with the minor child twice each week via Skype.

On September 28, 2015, respondent filed the petition for the OFP at issue here. Appellant denied that he had ever physically abused respondent or threatened to physically abuse her, and alleged that she had mental health issues. Respondent did not claim that

2

appellant physically abused her or threatened physical abuse after she moved back to Minnesota in 2012. However, respondent testified that she and her family were terrified of appellant and that she believed that he was still trying to exert control over her, noting that recently he prompted the police to perform an unnecessary welfare check on her. Respondent's father also testified that appellant was very controlling and claimed that respondent was being threatened on the internet by a woman whom he believed was associated with appellant. There was no description in the record as to the nature of these internet threats from this unidentified woman.

At the conclusion of the evidentiary hearing, the district court granted a two-year OFP in favor of respondent and the minor child. The district court found that respondent had an unhealthy fear of appellant and that, over the years, appellant has controlled or attempted to control and disrupt respondent's life. With respect to the minor child, the district court found that any violence towards the child happened early on in the child's life, mostly by being subjected to the violence against his mother. Father appeals.

### D E C I S I O N

#### I.   Standard of review

Appellant argues that the district court abused its discretion in issuing an order for protection in favor of respondent and their minor child. "The decision to grant an OFP under the Minnesota Domestic Abuse Act . . . is within the district court's discretion." *Pechovnik v. Pechovnik*, 765 N.W.2d 94, 98 (Minn. App. 2009) (quotation omitted). We will reverse the issuance of an OFP only if the district court abused its discretion. *Braend ex rel. Minor Children v. Braend*, 721 N.W.2d 924, 926–27 (Minn. App. 2006). A district

3

court abuses its discretion when it issues an OFP that lacks evidentiary support. *Gada v. Dedefo*, 684 N.W.2d 512, 514 (Minn. App. 2004); *see also Chosa ex rel. Chosa v. Tagliente*, 693 N.W.2d 487, 490 (Minn. App. 2005) (concluding that district court erred when there was no evidence to support its conclusion that domestic abuse occurred). An OFP lacks evidentiary support when the findings are clearly erroneous, are contrary to the weight of the evidence, or not supported by the evidence as a whole. *Gada*, 684 N.W.2d at 514. We review the record in the light most favorable to the district court's findings. *Pechovnik*, 765 N.W.2d at 99. On appeal from the issuance of an OFP, "[w]e neither reconcile conflicting evidence nor decide issues of witness credibility, which are exclusively the province of the factfinder." *Gada*, 684 N.W.2d at 514.

## II. The district court abused its discretion in issuing an OFP in favor of respondent and the minor child.

Appellant argues that respondent's domestic abuse allegations are too remote to warrant the issuance of an OFP. A district court may issue an OFP if domestic abuse has been inflicted upon a family or household member by a family or household member. Minn. Stat. § 518B.01, subds. 2, 4, 6 (2014). Domestic abuse is defined as "(1) physical harm, bodily injury, or assault; (2) the infliction of fear of imminent physical harm, bodily injury, or assault; or (3) terroristic threats." Minn. Stat. § 518B.01, subd. 2(a). Absent a stipulation allowing the district court to grant an OFP without a finding that domestic abuse occurred, a district court must make a finding of domestic abuse before issuing an OFP. *See Mechtel v. Mechtel*, 528 N.W.2d 916, 921 (Minn. App. 1995) (concluding that findings were insufficient when district court "made no written or oral findings, and filled in the

4

blank space for findings with a statement that it was not making a determination of guilt or any violation"). The statutory definition of domestic abuse "require[s] either a showing of present harm, or an intention on the part of [the abusing party] to do present harm." *Kass v. Kass*, 355 N.W.2d 335, 337 (Minn. App. 1984). It is an abuse of discretion to issue an OFP on behalf of a minor household member unless that child is a victim of abuse within the meaning of the Domestic Abuse Act. *Schmidt ex rel. P.M.S. v. Coons*, 818 N.W.2d 523, 528–29 (Minn. 2012).

Respondent has not alleged that appellant is presently committing physical abuse against her. But, because respondent has only alleged past physical abuse, the most recent incident occurring in April 2012, we must look to the second prong of the domestic abuse definition to determine whether the evidence supports a conclusion that appellant possesses a present intention to inflict fear of imminent physical harm.

It is well-settled that a finding of past domestic abuse alone is insufficient to support the issuance of an OFP without a showing of a present intent to cause or inflict fear of imminent physical harm. *Bjergum v. Bjergum*, 392 N.W.2d 604, 606 (Minn. App. 1986). Furthermore, we have repeatedly held that, in the absence of ongoing physical abuse, the petitioner must show that the abusing party has a present intent to inflict harm or to inflict fear of imminent harm. *See id.*; *Boniek v. Boniek*, 443 N.W.2d 196, 198 (Minn. App. 1989).

Here, the district court's finding of domestic abuse was mostly, if not entirely, based on past domestic abuse that occurred more than three years earlier. In crediting respondent's testimony that there was a past history of domestic abuse, the district court concluded that appellant's continued course of controlling behavior had disrupted

5

respondent's personal life, entitling her to an OFP.  However, appellant has not lived in Minnesota since at least 2011 and was living in California at the time of the evidentiary hearing.  Even though past domestic abuse should be a factor that the district court considers in the issuance of an OFP, taking all of respondent's testimony as true, we conclude that there is insufficient evidence for a finding that appellant has a present intent to do harm or inflict fear of harm upon respondent.

Respondent argues that appellant's controlling behavior, in the context of his past abusive behavior, is sufficient to find a present intention to inflict bodily harm upon respondent.  In support of her argument, respondent cites *Pechovnik* and *Boniek*.  In *Pechovnik,* this court upheld the district court's issuance of an OFP on behalf of a wife against her husband.  765 N.W.2d at 100.  We concluded that the wife, whose husband woke [her] up in the middle of the night by "slapp[ing] her on her feet," pinned her in corners, screamed persistent questions at her, and called her names, was placed "in fear of immediate bodily harm," particularly in light of "an old history of threatening behavior." *Id.* at 99.  Further, in *Boniek*, this court found that the husband's leaving of a mutilated marriage certificate on his wife's doorstep, coupled with a threat to his wife, his stalking behavior, and a physical altercation with an insurance salesman when the husband arrived at his wife's home unannounced, was sufficient evidence of the husband's "present intent to inflict fear of imminent physical harm."  443 N.W.2d at 197–98.

Here, as in *Pechovnik* and *Boniek*, the district court found credible the testimony that there existed a past history of domestic abuse and that the existence of that history was a factor to be considered in determining whether to issue an OFP.  *Pechovnik,* 765 N.W.2d

6

at 100; *Boniek,* 443 N.W.2d at 198. However, what is lacking in this case is any factual support that appellant, who has not lived in Minnesota since 2011, has acted or conducted himself in a manner intending to presently place appellant in fear of imminent physical harm. *See Kass*, 355 N.W.2d at 337 (holding that former wife's concern for her safety based upon bad experiences with her former husband, which occurred four years prior, were insufficient to support claim of domestic abuse without evidence of his present intention to do harm or inflict fear of harm).

Respondent testified that appellant requested the police complete an unnecessary welfare check on her and the minor child, was often "bizarre" on Skype when he exercised his parenting time with the minor child, and would call the minor child's school to attempt to find out what time the minor child was getting dropped off and picked up from school. But, none of appellant's acts constitute domestic abuse or evince a present intent to commit harm against respondent or the minor child. Moreover, there is no evidence in the record that the minor child has ever been a victim of domestic abuse. While respondent claims that in 2012, a few days after the minor child was born, appellant kicked the bassinet during one of their altercations. This incident, which occurred more than three years earlier, is insufficient to support a finding of appellant's domestic abuse against the minor child.

Because there is no evidence in the record to support a finding that appellant has recently physically abused respondent, that he possesses a present intent to inflict harm upon respondent or the minor child, or that he ever physically abused the minor child, there is an insufficient basis to find that domestic abuse has occurred. Therefore, the district court abused its discretion when it issued an OFP to respondent and the minor child.

7

Because we conclude that the issuance of the OFP was improper, we need not address appellant's other arguments as they are based on the existence of the OFP.

**Reversed.**