## STATE v. LAURENCE E. COOK.

148 N. W. (2d) 368.

January 27, 1967—No. 40,277.

*Philip John Bloedel,* for appellant.

*Joseph P. Summers,* Corporation Counsel, and *Thomas M. Mooney,* Assistant Corporation Counsel, for respondent.

PER CURIAM.

Defendant appeals from his conviction for driving after suspension of his driver's license. He has been sentenced to a term of 15 days in the workhouse by the municipal court of the city of St. Paul. The only issue raised in the trial court and argued on appeal is whether the suspension was valid.

Sometime between May 15, 1962, and November 28, 1964, defendant's driver's license was suspended for reasons which do not appear in the record. Apparently he failed to furnish proof of financial responsibility as required by Minn. St. 170.25. On November 28, 1964, defendant was convicted in the city of Duluth for driving without a valid license and for having improper lights. As a consequence the highway commissioner on December 29, 1964, further suspended defendant's license for the period of 1 year; directed that he comply with the provisions of the Safety Responsibility Act, § 170.36, subd. 2; and ordered him to submit to a driving examination under the authority of § 171.13, subd. 3.

On January 2, 1966, defendant was arrested in the city of St. Paul for driving while his license was suspended, in violation of the order of December 29, 1964. He appeals from his conviction for that offense.

It is now defendant's contention that by the terms of § 171.18 the commissioner was without authority to order a suspension for a period exceeding 1 year. He argues that § 170.36, subd. 2, applies only to those whose licenses have been revoked or who have never had a license, but not to one whose license has been issued and suspended. In addition, defendant asserts that § 171.13, subd. 3, does not authorize the commissioner to require an examination as a prerequisite to the reinstatement of a driver's license.

Because we are of the opinion that defendant cannot collaterally attack

the order of December 29, 1964, in an appeal arising out of its violation, we are not called upon to construe the statutes to which we have referred.

Under the provisions of § 171.19, defendant was entitled to a hearing in the district court where he had a right to challenge the propriety of the order of December 29, 1964. In such proceedings the commissioner has an opportunity to become an active party, and counsel is furnished by the attorney general's office. Defendant has failed to pursue that remedy. Under well-settled principles we hold that until the order of December 29, 1964, is modified, reversed, or by its terms expires, it is effective and enforceable if the commissioner had jurisdiction over the defendant and the subject matter.[1] We find that he did. Consequently, whether or not he correctly construed the statute, and we do not intimate that he did not, his order is valid and may be questioned only through the administrative procedures prescribed by § 171.19. Commonwealth v. Ungar, 190 Pa. Super. 43, 151 A. (2d) 782; Abbott v. District of Columbia (Mun. App. D. C.) 154 A. (2d) 362; Beaver v. Scheidt, 251 N. C. 671, 111 S. E. (2d) 881; State v. Ball, 255 N. C. 351, 121 S. E. (2d) 604.[2] The conviction is therefore affirmed.

Affirmed.

MR. JUSTICE PETERSON, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.

---

[1] Cathy v. State (Tex. Cr. App.) 402 S. W. (2d) 743; Wallace v. State, 112 Ga. App. 505, 145 S. E. (2d) 788.

[2] See, also, People v. Benzel, 10 Misc. (2d) 963, 173 N. Y. S. (2d) 351; Underwood v. Karns, 21 Wis. (2d) 175, 124 N. W. (2d) 116; Fernandez v. State (Tex. Cr. App.) 382 S. W. (2d) 935.