**Douglas KASS, Appellant,**

v.

**Sandra KASS, Respondent.**

**No. C8–84–711.**

Court of Appeals of Minnesota.

Oct. 2, 1984.

Cecil Naatz, Marshall, for appellant.

Daniel J. Ward, St. Cloud Area Legal Services, St. Cloud, for respondent.

Considered and decided by HUSPENI, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Douglas Kass appeals the trial court's issuance of an order for protection pursuant to the Domestic Abuse Act, Minn.Stat. § 518B.01 (Supp.1983). Appellant contends that the evidence presented at the hearing was insufficient to sustain the issuance of an order for protection.

Appellant also appeals the trial court's denial of his motion to assess costs pursuant to Minn.Stat. § 549.21 (1982). Appellant contends that respondent's claim was frivolous and made in bad faith. We affirm in part and reverse in part.

## FACTS

On March 5, 1984, respondent and her mother were traveling in a car in Buffalo. In the car behind them they saw a person whom they thought was Douglas Kass. Sandra and Douglas had separated in March of 1980 and were divorced in August 1981. Because of fear for her personal safety, Sandra left Marshall, Minnesota, in the summer of 1980, a full year before the divorce was final. Respondent currently resides in Buffalo, Minnesota, and appellant lives in rural Tracy, Minnesota, approximately 124 miles away. Upon seeing appellant for the first time in approximately three years, respondent, fearing for her safety and that of her children, filed an affidavit and petition of domestic abuse pursuant to Minn.Stat. § 518B.01. Appel-

lant was served with an order for domestic abuse hearing, ex parte order for protection, and an order to show cause why an order for protection should not be granted to respondent.

The required hearing on the matter was held on March 23, 1984. Sandra testified that during the marriage she was the victim of several incidents of violence and abuse from her husband, claiming the most recent to have occurred in 1980. According to her testimony, she moved from Marshall to Buffalo in 1980 upon the advice of a sheriff who told her that her husband had made threats against her and recommended that she find a safe place to stay. Appellant testified that the incidents of physical abuse alleged by respondent to have occurred in 1980 and before were false. Douglas Kass presented witnesses to refute respondent's claim of previous domestic abuse. Further, Douglas testified that he wasn't even in Buffalo, Minnesota, on March 5, 1984, and presented sworn affidavits of witnesses who saw him in Marshall, Minnesota, that evening.

The trial court found that there was an incident of abuse in 1980, and granted the order for protection. Appellant was barred from committing any acts of domestic abuse and was further excluded from entering respondent's homestead or residence. The court also denied appellant's motion to award costs pursuant to Minn. Stat. § 549.21. An appeal was taken from the domestic abuse protection order.

## ISSUES

1. Was there sufficient evidence presented at the domestic abuse hearing to warrant the issuance of an order for protection pursuant to Minn.Stat. § 518B.01?

2. Did the trial court err in denying appellant's motion for costs pursuant to Minn.Stat. § 549.21?

## ANALYSIS

1. Minnesota's Domestic Abuse Act defines "domestic abuse" as "physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily inju-

ry or assault, between family or household members." Minn.Stat. § 518B.01, subd. 2(a)(i). There is no evidence of physical harm arising out of the incident on March 5, 1984, nor does respondent allege that she sustained any physical harm or injury. Thus, the disposition of this case rests on whether there was an "infliction of fear of imminent physical harm, bodily injury or assault."

The use of the phrase "infliction of fear" in the statute implies that the legislature intended that there be some overt action to indicate that appellant *intended* to put respondent in fear of imminent physical harm. Minnesota law requires that when construing statutes, words and phrases are construed according to their common and approved usage. Minn.Stat. § 645.08 (1982). Thus, we construe the definition of "domestic abuse" under Minnesota's Domestic Abuse Act to require either a showing of present harm, or an intention on the part of appellant to do present harm.

Although we sympathize with respondent's concern for her safety founded upon bad experiences of the past, those experiences are, by respondent's own admission, four years old. Even if we view the facts in the light most favorable to respondent, and accept that there was domestic abuse in the past and that appellant was in Buffalo on March 5, 1984, the record is devoid of any showing of appellant's present intention to do harm or inflict fear of harm. Thus, we find no record to justify the issuance of a restraining order merely based upon respondent seeing appellant on a public street for the first time in four years.

2. Minn.Stat. § 549.21 allows a court to charge a party with costs if that party "acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position solely to delay the ordinary course of proceedings or to harass; or committed a fraud upon the court."

Appellant contends that his motion for costs should be granted because he was not in Buffalo, Minnesota, on March 5,

1984, and he presented several affidavits as evidence to support his claim. However, it is not enough for appellant to show that respondent was mistaken in her charge: the statute also requires a showing of bad faith. Even if we accept as fact appellant's claim that he was not in Buffalo, the testimony of respondent and her mother indicates that they *believed* they saw appellant in the car behind them. Absent clear evidence indicating respondent's bad faith or intention to assert a frivolous claim, this court will not reverse the trial court's decision to deny appellant's motion for costs.

## DECISION

Absent a showing of appellant's intention to cause respondent to fear imminent physical harm, the evidence produced at the domestic abuse hearing was insufficient to sustain the issuance of an order for protection. The evidence, however, does not support appellant's motion for costs as there is no showing of respondent's bad faith.

Affirmed in part and reversed in part.