STATE of Minnesota, Appellant,

v.

Donald Henry HOESE, Respondent.

No. C5–84–1394.

Court of Appeals of Minnesota.

Dec. 18, 1984.

Hubert H. Humphrey, III, Atty. Gen., State of Minnesota, St. Paul, Gaylord A. Saetre, Todd County Atty., Thomas H. Sellnow, Asst. County Atty., Long Prairie, for appellant.

Kirk R. Olson, Long Prairie, for respondent.

Considered and decided by POPOVICH, C.J., and LESLIE, and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

This is an appeal by the State of a pretrial order of the district court dismissing charges against respondent Donald Hoese for violating Minn.Stat. § 169.129 (Supp. 1983). Under this statute, respondent was charged with driving while under the influence of alcohol while driving privileges

were revoked for violation of D.W.I. laws. We reverse and remand for trial.

## FACTS

In 1978 respondent pleaded guilty to a D.W.I. violation and was fined $300. His driving privileges were also revoked by the Commissioner of Public Safety and those privileges remain revoked to this day because respondent has failed to meet the requirements for reinstatement.

On January 22, 1984, respondent was arrested for D.W.I. after driving his car into a ditch; respondent refused to submit to testing. Respondent was charged with a gross misdemeanor offense of aggravated D.W.I. for driving while under the influence while his license was revoked. Minn. Stat. § 169.129. At the omnibus hearing, respondent argued that the State was obligated to produce a transcript of his 1978 plea to show that he had been fully advised of his right to counsel pursuant to *State v. Nordstrom*, 331 N.W.2d 901 (Minn.1983). The trial court agreed and dismissed charges.

## ISSUE

In a prosecution under Minn.Stat. § 169.-129, is the State required to prove the constitutional validity of a prior conviction?

## ANALYSIS

■ Minn.Stat. § 169.129 provides, in part:

Any person who drives, operates, or is in physical control of a motor vehicle, the operation of which requires a driver's license, within this state in violation of section 169.121 or an ordinance in conformity with it before his driver's license or driver's privilege has been reinstated following its cancellation, suspension or revocation (1) because he drove, operated, or was in physical control of a motor vehicle while under the influence of alcohol or a controlled substance or while he had an alcohol concentration of 0.10 or more or (2) because he refused to take a test which determines the presence of alcohol or a controlled substance when

requested to do so by a proper authority, is guilty of a gross misdemeanor. * * *

Under this statute, it is a gross misdemeanor if a person operates a motor vehicle under the influence while his license is under cancellation, suspension, or revocation from a prior D.W.I. violation. Although it is possible that a prior D.W.I. conviction may be the triggering factor leading to a license revocation, a prior conviction is not an element of the offense of section 169.129. For example, licenses may be revoked under the implied consent law, Minn.Stat. § 169.123 (1982); licenses may be suspended under Minn.Stat. § 171.18(1) (1982); licenses may be cancelled under Minn.Stat. § 171.14 (1982). The actual revocation (or cancellation or suspension) is a necessary element of section 169.129, not a prior D.W.I. conviction.

■ For this reason, the *Nordstrom* requirements are inapplicable. In *Nordstrom*, the Minnesota Supreme Court held that a prior misdemeanor D.W.I. conviction based on an uncounselled plea cannot be used to convert a subsequent D.W.I. offense into a gross misdemeanor under Minn.Stat. § *169.121, subd. 3* (1982), absent a valid waiver on the record. Minn.Stat. § 169.121, subd. 3 is an enhancement statute, turning a misdemeanor D.W.I. conviction into a gross misdemeanor if the later offense is committed within certain time periods. Under section 169.121, the prior conviction is clearly an element of the gross misdemeanor offense. "*Nordstrom* applies to matters where the prior conviction is an element of the later offense." *State v. Andren* 358 N.W.2d 428 (Minn.Ct. App.1984).

■ Further, the trial court's ruling, in effect, improperly collaterally attacks the administrative decision to revoke respondent's license, a decision presumed to be regular and correct. *Antl v. State, Department of Public Safety*, 353 N.W.2d 240 (Minn.Ct.App.1984); *see State v. Cook*, 275 Minn. 571, 148 N.W.2d 368 (1967). "The legislature has deemed driving while under the influence by drivers whose li-

censes are under revocation for driving while under the influence to be an especially serious offense requiring greater punishment * * *." *State v. Barutt,* 312 N.W.2d 667, 668 (Minn.1981). This applies whatever the predicate is for the revocation.

## DECISION

The trial court's dismissal of charges under Minn.Stat. § 169.129 is reversed and the case is remanded for trial.

Reversed and remanded.