In re the Matter of Lisa Beth
WITCHELL, petitioner,
Respondent,

v.

Mathew F. WITCHELL, Appellant.

No. C3–99–1432.

Court of Appeals of Minnesota.

March 7, 2000.

Kathryn A. Graves, Katz & Manka, Ltd., Minneapolis, for respondent.

J. Peter Wolf, Shelly D. Rohr, Wolf & Rohr, P.A., St. Paul, for appellant.

Considered and decided by SCHUMACHER, Presiding Judge, WILLIS, Judge, and ANDERSON, Judge.

## OPINION

SCHUMACHER, Judge.

Appellant Mathew F. Witchell (husband) challenges the district court's order extending a harassment restraining order for two years, arguing that the district court erred in finding that there were reasonable grounds to believe that he had continued to engage in conduct constituting "harassment" under Minn.Stat. § 609.748 (1998). We reverse.

## FACTS

Husband and respondent Lisa Beth Witchell (wife) have been separated since February 1998 and are currently involved in a dissolution proceeding. The parties agreed to a temporary visitation schedule for their two minor daughters. At the recommendation of a Ramsey County Family Court Officer, the parties began exchanging a "visitation notebook" for the purpose of communicating in writing any concerns that they had regarding the parenting of their children.

In the summer of 1998, wife sought and was granted a one-year harassment restraining order, which contained a no-contact provision. The basis for this harassment order was that husband had made numerous harassing telephone calls to her. Following trial on an alleged violation of the restraining order, the court concluded that husband was not guilty. The court criticized the restraining order as being "poorly worded," thereby leaving the parties to interpret the order themselves. Following a motion by husband, the restraining order was amended in April 1999, to read in part:

[Husband] shall have no contact with [wife] in person, by telephone, through a third party, directly or indirectly, except as follows: The [husband] may communicate in writing with [wife] on issues relating solely to the parties' minor children through the use of the visitation notebook. In addition, [husband] may leave messages solely concerning the parties' minor children on [wife's] business line, which is a voice mail only. [Wife] will check her voice mail on a regular basis to determine if there are any messages from [husband], and [wife] will confirm with [husband] that she has received the message.

In June 1999, wife filed a motion to extend the restraining order. Wife alleged several violations of the restraining order, including use of the parties' visitation notebook as a means to threaten and harass her. In July 1999, the district court issued an order extending the restraining order for two years based on a finding that there were reasonable grounds to believe husband had continued to harass wife by using the parties' visitation notebook to address non-children related issues and disputes. Husband appeals.

## ISSUE

Did the district court err in finding that there were reasonable grounds to believe that husband continued to engage in conduct constituting "harassment" under Minn.Stat. § 609.748 (1998)?

## ANALYSIS AND DECISION

██ A district court's issuance of a harassment restraining order is reviewed under an abuse of discretion standard. *See Mechtel v. Mechtel*, 528 N.W.2d 916,

920 (Minn.App.1995) (noting that relief granted in domestic abuse proceeding was within trial court's discretion). Additionally, a district court's findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous. Minn. R. Civ. P. 52.01.

A district court may issue a restraining order if it "finds at the hearing that there are reasonable grounds to believe that the respondent has engaged in harassment." Minn.Stat. § 609.748, subd. 5(a)(3) (1998). Harassment includes:

> (1) repeated, intrusive, or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another, regardless of the relationship between the actor and the intended target;
>
> (2) targeted residential picketing; and
>
> (3) a pattern of attending public events after being notified that the actor's presence at the event is harassing another.

*Id.*, subd. 1(a) (1998).

Husband contends that the written comments he made in the visitation notebook do not constitute harassment within the meaning of Minn.Stat. § 609.748 because he did not make the comments with the intent "to adversely affect the safety, security, or privacy" of wife, but rather made the comments for the purpose of addressing issues regarding the parties' children.

The district court relied on the following four specific written statements made by husband as evidence of harassment. Husband's statement at page 15 of the notebook, "Joint legal and joint physical is what I want, and what you swore you would agree to for years and years if we got a divorce." Husband's statement at page 23 notebook, "Please stop telling me what I need to do. Where I choose to go, and who I choose to see is my decision * * * we are separated." Husband's statement at page 35 of the notebook, "Please do not use this book to threaten me." Husband's statement at page 50 of the notebook, "This is the intent and purpose of child support which I pay on a monthly basis at the maximum rate. I will have my lawyer call your lawyer sometime to explain."

Simply stated, we do not believe the statements made by husband in the notebook constituted harassment as defined by Minn.Stat. § 609.748. When husband's statements from the visitation notebook are read in context, it is apparent that husband was either responding to written comments that wife had previously made in the visitation notebook or was addressing his concerns regarding visitation and the upbringing of the children. Although husband's statements are inappropriate and argumentative, we cannot say that they were intrusive or that they were intended to adversely affect the safety, security, or privacy of wife. Therefore, we conclude that the district court abused its discretion in granting the amended harassment restraining order.

We do not by this opinion condone husband's immature conduct. His primary concern should be the welfare of his children rather than engaging in constant and long-term bickering with his estranged wife.

**Reversed.**