Kirsten Sersland **BEACH**, petitioner,
Respondent,

v.

Gerald **JESCHKE**, Appellant.

No. C1–02–243.

Court of Appeals of Minnesota.

Aug. 20, 2002.

James M. Crist, Steinhagen & Crist, P.L.L.P., Minneapolis, MN, for appellant.

John R. Jesperson, Minneapolis, MN, for respondent.

Considered and decided by STONEBURNER, Presiding Judge, TOUSSAINT, Chief Judge, and RANDALL, Judge.

## OPINION

STONEBURNER, Judge.

Appellant Gerald Jeschke appeals from a harassment restraining order issued by the district court. Because appellant's two-sentence statement made on one occasion does not constitute harassment as defined by Minn.Stat. § 609.748, subd. 1(a)(1), we reverse.

## FACTS

After a high-school play in which appellant's step-son performed, appellant approached his wife's ex-husband and respondent, who is married to the ex-husband, and said: "You two had better come up with the $80,000, or you're both going to jail. This is going to be fun." The remark related to pending child-support litigation in appellant's wife's and respondent's husband's acrimonious post-dissolution proceedings.

Respondent and her husband petitioned for a harassment restraining order based on the words spoken and an allegation that appellant had grabbed them by their necks. After a hearing, the court found that appellant made the statement, but did not find that there had been any physical

contact.[1] Based solely on the words spoken, the district court granted respondent's petition for a restraining order preventing appellant from any contact with respondent.[2] This appeal followed.

## ISSUE

Did the district court abuse its discretion by issuing a restraining order against appellant?

## ANALYSIS

This court reviews harassment restraining orders under an abuse-of-discretion standard. *Witchell v. Witchell,* 606 N.W.2d 730, 731 (Minn.App.2000). A district court may grant a restraining order if "the court finds at the hearing that there are reasonable grounds to believe that the respondent has engaged in harassment." Minn.Stat. § 609.748, subd. 5(a)(3) (2000). "Harassment" is defined in the statute as:

a single incident of physical or sexual assault or repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another, regardless of the relationship between the actor and the intended target.

Minn.Stat. § 609.748, subd. 1(a)(1).

Although we do not condone appellant's unwarranted confrontation of respondent at a high-school play, the two-sentence statement, uttered on one occasion, does not meet the requirement of "repeated incidents" necessary to constitute verbal harassment under Minn.Stat. § 609.748, subd. 1(a)(1). The district court abused its discretion by issuing the harassment restraining order against appellant based on a single incident of words.

Appellant also argues that his statements could not have a substantial adverse effect or be intended to have such an effect on the safety, security, or privacy of respondent, as required by the statute. We note that comments that are merely inappropriate and argumentative are insufficient to rise to the level of harassment. *Witchell,* 606 N.W.2d at 732 (noting that "[a]lthough husband's statements are inappropriate and argumentative, we cannot say that they were intrusive or that they were intended to adversely affect the safety, security, or privacy of wife"). But because we have already determined that this single incident does not constitute harassment, we decline to reach the issue of the statement's content.

## DECISION

The district court abused its discretion by issuing a harassment restraining order against appellant based solely on a two-sentence comment made to respondent on only one occasion.

**Reversed.**

---

1. The court's written order also did not contain a finding of physical contact. The order merely stated: "This court finds that there are reasonable grounds to believe that [appellant] has engaged in harassment * * *."

2. The ex-husband's petition was dismissed because he did not appear at the hearing.