**Karen P. ROER, petitioner, Respondent,**

v.

**Debra Ali DUNHAM, Appellant.**

**No. A03–1583.**

Court of Appeals of Minnesota.

June 29, 2004.

Linda L. Holstein, Anh T. Le, Parsinen Kaplan Rosberg & Gotlieb P.A., Minneapolis, MN, for respondent.

Jill Eleanor Clark, Golden Valley, MN, for appellant.

Considered and decided by
PETERSON, Presiding Judge;
ANDERSON, Judge; and CRIPPEN, Judge.*

## OPINION

PETERSON, Judge.

In this appeal from a restraining order, appellant argues that the district court misconstrued Minn.Stat. § 609.748 (2002) to allow the district court to extend the

duration of a restraining order for more than two years.  We reverse.

## FACTS

In June 2001, respondent Karen P. Roer brought a petition seeking a harassment restraining order against appellant Debra Ali Dunham.  The district court found that Dunham engaged in specific acts of harassment against Roer and issued a two-year restraining order effective until August 29, 2003, prohibiting Dunham from harassing Roer and from having any direct contact with her.

In July 2003, Roer filed a motion to extend the restraining order for an additional two-year period, until August 29, 2005.  The district court conducted an evidentiary hearing on Roer's motion.  The court ruled that it would consider only events that occurred after a related criminal trial against Dunham, which took place in October 2002.  Dunham was acquitted in the criminal proceeding.

Roer presented evidence regarding four incidents of alleged harassment that occurred following the criminal trial.  Shortly after the criminal trial, Dunham sent a letter to members of the Wayzata Country Club and members of Roer's church.  Appended to the letter was a copy of Dunham's attorney's closing argument in the criminal proceeding, which referred to Roer as "a liar and a cheat."  In January 2003, Dunham sent a second letter to members of the Wayzata Country Club, appended to which was a letter from Dunham's attorney referring to an affair between Roer and Dunham's husband.  Roer testified about two incidents, one that occurred at her church on May 7, 2003, and one that occurred after Roer drove

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

through Dunham's neighborhood on May 8, 2003.

The court issued an order extending the restraining order for one year until August 29, 2004. This appeal followed.

## ISSUES

1. Does Minn.Stat. § 609.748, subd. 5(a) (2002), permit the court to extend a restraining order beyond two years?

2. Did the district court err in issuing the restraining order?

## ANALYSIS[1]

■ 1. Statutory interpretation is a question of law subject to de novo review. *Schumacher v. Ihrke,* 469 N.W.2d 329, 332 (Minn.App.1991). The object of statutory interpretation is to determine and give effect to the legislature's intent. Minn. Stat. § 645.16 (2002).

Minn.Stat. § 609.748, subd. 5(a) (2002), states, "Relief granted by the restraining order must be for a fixed period of not more than two years." The statute is silent as to the court's authority to extend a restraining order beyond the two-year period.

Citing *Witchell v. Witchell,* 606 N.W.2d 730, 731 (Minn.App.2000), Roer argues that the court has the authority to extend a restraining order based on a continuing pattern of harassment by the person subject to the order. In *Witchell,* shortly before a one-year restraining order expired, the district court issued an order extending the restraining order for two years based on a finding that there were reasonable grounds to believe that the ap-

pellant had continued to harass the respondent. This court reversed on the ground that the acts on which the extended order were based did not fall within the statutory definition of harassment. *Id.* at 732. The *Witchell* court did not address the issue of the court's authority to extend a restraining order beyond two years.

■ Minn.Stat. § 609.748, subd. 6 (2002), sets forth criminal penalties for violating a restraining order and provides that violation of a restraining order shall constitute contempt of court. Construing Minn.Stat. § 609.748 to allow for an extension of a restraining order beyond the statutory maximum two-year period would expand the penalties set forth in Minn. Stat. § 609.748, subd. 6. We, therefore, conclude that a court may not extend a restraining order beyond two years from the effective date of the initial restraining order. This construction is consistent with the statutory rule of construction that this court cannot add language that is not present in the statute or supply what the legislature purposely omits or inadvertently overlooks. *See Ullom v. Ind. Sch. Dist. No. 112,* 515 N.W.2d 615, 617 (Minn.App. 1994) (stating statutory rule of construction).

■ Here, although the district court labeled its order as an extension of the existing restraining order, the proceeding met the requirements for issuing an initial restraining order. Minn.Stat. § 609.748, subd. 5(a), states:

The court may grant a restraining order ordering the respondent to cease

---

[1]. The parties' briefs cite unpublished authority. Unpublished opinions are not of value in deciding an appeal. *See* Minn.Stat. § 480A.08, subd. 3(c) (2002) (stating "[u]npublished opinions of the court of appeals are not precedential"); *Dynamic Air, Inc. v. Bloch,* 502 N.W.2d 796, 800–01 (Minn.App.

1993) (stating dangers of miscitation and unfairness associated with use of unpublished opinions and that while persuasive, "[t]he legislature has unequivocally provided that unpublished opinions are not precedential"). Moreover, the unpublished cases cited by the parties are distinguishable from this case.

or avoid the harassment of another person or to have no contact with that person if all of the following occur:

(1) the petitioner has filed a petition under subdivision 3;

(2) the sheriff has served respondent with a copy of the temporary restraining order obtained under subdivision 4, and with notice of the time and place of the hearing, or service has been made by publication under subdivision 3, paragraph (b); and

(3) the court finds at the hearing that there are reasonable grounds to believe that the respondent has engaged in harassment.

Minn.Stat. § 609.748, subd. 3 (2002), requires that the petition identify the parties and "be accompanied by an affidavit made under oath stating the specific facts and circumstances from which relief is sought."

Roer's motion for an extension of the restraining order identified the parties and was accompanied by a sworn affidavit setting forth alleged incidents of harassment. The district court conducted an evidentiary hearing. The district court's finding that Dunham had engaged in harassment was based on recent events, not on the events on which the initial order was based. The district court, thus, in effect, issued a new restraining order and did not violate the prohibition against extending a restraining order beyond two years from the effective date of the initial restraining order.

■ 2. This court uses an abuse-of-discretion standard to review a harassment restraining order issued under Minn.Stat. § 609.748 (2002). *Witchell,* 606 N.W.2d at 731–32. We give due regard to the district court's opportunity to judge the credibility of witnesses and will not set aside findings of fact unless clearly erroneous. Minn. R. Civ. P. 52.01.

A district court may issue a harassment restraining order if it finds "reasonable grounds to believe that [a person] has engaged in harassment." Minn.Stat. § 609.748, subd. 5(a)(3). Harassment includes "repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another, regardless of the relationship between the actor and the intended target." Minn.Stat. § 609.748, subd. 1(a)(1).

The district court's order identifies only one incident of harassment, which occurred on May 7, 2003. But to support a finding of harassment, "*repeated incidents* of intrusive or unwanted acts, words, or gestures" are required. Minn.Stat. § 609.748, subd. 1(a)(1) (emphasis added). Because the district court identified only one incident of harassment, the findings are insufficient to support the restraining order.

## DECISION

A district court does not have authority to extend an existing restraining order beyond two years from the effective date of the existing restraining order, but because the proceeding before the district court met the statutory requirements for issuing an initial restraining order, the district court, in effect, issued a new restraining order and did not extend an existing restraining order. However, the district court erred by issuing a restraining order based on a finding of only one incident of harassment.

**Reversed.**