*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1811**

State of Minnesota,
Respondent,

vs.

Joel Thomas Samuelson,
Appellant.

**Filed October 31, 2016
Affirmed
Johnson, Judge**

Kandiyohi County District Court
File No. 34-CR-14-876

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Shane D. Baker, Kandiyohi County Attorney, Aaron P. Welch, Assistant County Attorney, Willmar, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reilly, Presiding Judge; Halbrooks, Judge; and Johnson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

Joel Thomas Samuelson was found guilty of violating a harassment restraining order. On appeal, he argues that his conviction should be reversed on the ground that the

harassment restraining order violated his constitutional right to travel. We conclude that Samuelson is precluded from challenging the constitutionality of the harassment restraining order in this criminal case. Therefore, we affirm.

**FACTS**

In July 2013, W.C. and R.C. petitioned the Kandiyohi County District Court for a harassment restraining order (HRO) against Samuelson. *See* Minn. Stat. § 609.748 (2012). Their petition alleged that Samuelson threatened them on several occasions at their home in Swift County and at their lake cabin in Kandiyohi County. The district court issued an *ex parte* temporary HRO, which, among other things, prohibited Samuelson from being within 1,000 feet of W.C.'s and R.C.'s home or lake cabin for two years. The *ex parte* temporary HRO included the following notice: "Respondent can ask the court to change or vacate the Restraining order by filing a *Request for Hearing* within 45 days of the date of this Order." Samuelson did not request such a hearing.

In August 2014, W.C. and R.C. observed Samuelson in a vehicle at the intersection of state highway 23 and county road 32, which is between New London and Spicer. That intersection is approximately 300 feet from the nearest boundary of the property on which W.C.'s and R.C.'s lake cabin is located, on the shore of Green Lake.

The state charged Samuelson with violating an HRO, in violation of Minn. Stat. § 609.748, subd. 6(c). In January 2015, Samuelson moved to dismiss the complaint on the ground that the HRO was invalid because it violated his constitutional right to travel. The district court denied Samuelson's motion for two independent reasons. First, the district court determined that Samuelson's failure to challenge the constitutionality of the HRO in

2

the case in which it was issued precludes him from asserting such a challenge in a subsequent criminal case. Second, in the alternative, the district court determined that the HRO does not violate Samuelson's constitutional right to travel because the state's legitimate interest in protecting W.C. and R.C. from harassment justifies the minimal burden imposed on Samuelson.

Samuelson stipulated to the prosecution's case to obtain appellate review of the district court's pre-trial ruling. *See* Minn. R. Crim. P. 26.01, subd. 4. After a court trial, the district court found him guilty and imposed a sentence of 365 days of imprisonment, with 275 days stayed for two years. Samuelson appeals.

## D E C I S I O N

Samuelson argues that the district court erred by denying his pre-trial motion to dismiss the complaint. He challenges both bases of the district court's decision. We begin by considering his argument that the district court erred by determining that he is precluded from challenging the constitutionality of the HRO in this case.

As a general rule, a person against whom an HRO is issued must challenge the validity of the HRO, if at all, in the case in which the HRO is issued. This rule is illustrated by *State v. Harrington*, 504 N.W.2d 500 (Minn. App. 1993), *review denied* (Minn. Sept. 30, 1993), a case in which the defendants, Harrington and Friberg, were, like Samuelson, convicted of violating an HRO. *Id.* at 502. When the HRO was issued, Harrington and Friberg argued that the HRO violated their First Amendment right to freedom of speech, but the district court in that civil action rejected the challenge, and Harrington and Friberg did not appeal. *Id.* at 501-02. On direct appeal from their subsequent criminal convictions,

3

Harrington and Friberg again challenged the HRO on the ground that it violated their First Amendment right to freedom of speech. *Id.* at 502-03. This court noted that Harrington and Friberg had not challenged the constitutionality of the HRO in an appeal in the case in which it was issued. *Id.* at 503. Accordingly, we concluded that Harrington and Friberg were "precluded from attacking [the HRO] in this subsequent action." *Id.*

Similarly, in *State v. Romine*, 757 N.W.2d 884 (Minn. App. 2008), *review denied* (Minn. Feb. 17, 2009), the defendant was convicted of violating an order for protection (OFP). *Id.* at 889 (citing Minn. Stat. § 518B.01, subd. 14(b) (2004)). After the OFP was issued, Romine filed an appeal but later voluntarily dismissed it. *Id.* at 888. On direct appeal from his subsequent criminal conviction, Romine challenged the constitutionality of the OFP. *Id.* at 889. This court noted that Romine had not challenged the constitutionality of the OFP in an appeal in the case in which it was issued. *Id.* at 890. We reasoned, "As a consequence, the OFP is a final judgment, and 'the constitutional validity of the [OFP] stands as law of the case.'" *Id.* (alteration in original) (quoting *Harrington*, 504 N.W.2d at 503). Thus, we concluded that Romine could not collaterally attack the constitutionality of the OFP in a subsequent criminal case concerning a violation of the OFP. *Id.*

This court's opinion in *Romine* is based in part on the supreme court's opinion in *State v. Cook*, 275 Minn. 571, 148 N.W.2d 368 (1967), a case in which the defendant was convicted of driving with a suspended license and sought to challenge the validity of the underlying suspension in a direct appeal from his conviction. *Id.* at 571, 148 N.W.2d at 369. The supreme court concluded that Cook "cannot collaterally attack the [suspension

4

order] in an appeal arising out of its violation." *Id.* at 571-72, 148 N.W.2d at 369. The supreme court reasoned that, after his license was suspended, Cook "was entitled to a hearing in the district court where he had a right to challenge the propriety of" the suspension order but "failed to pursue that remedy." *Id.* at 572, 148 N.W.2d at 369.

In this case, Samuelson had opportunities to challenge the constitutionality of the HRO before he was charged with a crime, but he did not do so. The *ex parte* temporary HRO advised Samuelson that he could request a hearing within 45 days. *See* Minn. Stat. § 609.748, subd. 4(f). At such a hearing, Samuelson could have challenged the constitutionality of the HRO. *See, e.g.*, *Harrington*, 504 N.W.2d at 501 (noting that district court ruled that underlying HRO "did not unconstitutionally infringe upon their First Amendment rights to free speech"). After preserving a challenge to the HRO in the district court, Samuelson could have raised that issue in an appeal to this court. *See Kush v. Mathison*, 683 N.W.2d 841, 843-46 (Minn. App. 2004) (reviewing HRO granted after contested hearing); *Beach v. Jeschke*, 649 N.W.2d 502, 503 (Minn. App. 2002) (same). But Samuelson did not take either of those steps. He did not request a hearing in the district court within 45 days, and he did not attempt an appeal. As a consequence, the district court's *ex parte* temporary HRO ripened into a final judgment, which is binding on Samuelson. *See Romine*, 757 N.W.2d at 890; *Harrington*, 504 N.W.2d at 503. In light of this court's precedent, Samuelson's failure to successfully challenge the constitutionality of the HRO in the case in which it was issued is conclusive on that issue. *See Cook*, 275 Minn. at 572, 148 N.W.2d at 369; *Romine*, 757 N.W.2d at 890; *Harrington*, 504 N.W.2d at 503.

Samuelson contends that the district court's reasoning is flawed on the ground that he did not have a right to appeal from the *ex parte* temporary HRO in the prior case. In response, the state contends, without citation to caselaw, that the *ex parte* temporary HRO was immediately appealable. Samuelson is correct that an *ex parte* temporary HRO is not immediately appealable. *See Fiduciary Foundation, LLC v. Brown*, 834 N.W.2d 756, 761 (Minn. App. 2013), *review denied* (Minn. Sept. 17, 2013). But Samuelson nonetheless had a means of obtaining appellate review. He could have requested a hearing pursuant to section 609.748, subdivision 4(f), in which event a subsequent adverse ruling would have been an appealable final judgment. *See Kush*, 683 N.W.2d at 843-46 (reviewing HRO granted after contested hearing); *Beach*, 649 N.W.2d at 503 (same). For that reason, this case is different from *State v. Ness*, 819 N.W.2d 219 (Minn. App. 2012), in which we permitted a collateral attack on a pre-trial domestic-abuse no-contact order (DANCO) that was issued in a prior criminal case because the appellant had no opportunity under the rules of criminal procedure to appeal immediately after the issuance of that order. *Id.* at 222-24.

Samuelson also contends that the district court's reasoning is flawed on the ground that a subsequent opinion of this court permitted an appellant in a criminal case to assert a collateral attack on an OFP that had been issued in a prior civil case. In the case cited by Samuelson, we considered whether an OFP was unconstitutionally vague and concluded that it was not, thereby upholding the appellant's conviction of violating the OFP. *State v. Phipps*, 820 N.W.2d 282, 286 (Minn. App. 2012). We considered the appellant's collateral attack in *Phipps* because, as we noted in a footnote, "The state did not argue that Phipps's constitutional challenge is barred on the ground that it is an impermissible collateral attack

6

. . . ." *Id.* at 285 n.1. In this case, however, the issue was raised and considered in the district court, and the state argued on appeal that Samuelson may not assert a collateral attack on the HRO. Thus, our opinion in *Phipps* is not inconsistent with our opinion in *Romine*.

In sum, the district court did not err by determining that Samuelson is precluded from challenging the constitutionality of the HRO that was issued in a prior civil case. For that reason, we will not consider the substance of Samuelson's constitutional challenge.

**Affirmed.**