*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1304**

Samantha Raye Meyer, petitioner,
Respondent,

vs.

Robert J. Harley,
Appellant.

**Filed January 23, 2017
Reversed
Rodenberg, Judge**

Clay County District Court
File No. 14-CV-16-1723

Samantha Raye Meyer, Moorhead, Minnesota (pro se respondent)

Tatum O'Brien Lindbo, O'Keeffe, O'Brien, Lyson & Foss Ltd., Fargo, North Dakota (for appellant)

Considered and decided by Kirk, Presiding Judge; Halbrooks, Judge; and Rodenberg, Judge.

## U N P U B L I S H E D   O P I N I O N

**RODENBERG**, Judge

Appellant challenges the district court's issuance of a harassment restraining order (HRO), arguing that (1) the district court made insufficient factual findings, (2) reasonable grounds do not exist to support the issuance of the HRO, and (3) the district court erred in admitting an exhibit containing appellant's emails to respondent. Because reasonable

grounds do not exist to support the issuance of the HRO, we reverse the district court's order.

## FACTS

Appellant Robert J. Harley and respondent Samantha Raye Meyer dated during 2011 or 2012. In 2016, after discovering that appellant had taken a job in the building where she works, respondent petitioned for an HRO. She claimed that appellant had sexually assaulted her during their relationship, and that, around the time the relationship ended, appellant made harassing communications and threats, waited outside of her dorm and other college buildings, and contacted her friends and family in attempts to communicate with her. In her petition, respondent claimed that the harassing conduct from 2011 and 2012 continues to affect her safety, security, or privacy by making her secluded from other people and frightened to leave her house for fear of running into appellant.

At a hearing before the district court, respondent testified that she has not had contact with appellant since 2011 or 2012. She learned that appellant had accepted a job in the building where she works, but she had not seen him there. His having taken a job there was verified by respondent's employer. Respondent testified that she requested the HRO because she was "genuinely scared" that appellant would try to contact her, and that she believed they had not had contact before this period because she had "done very well at flying under the radar" by moving, changing phone numbers, and blocking appellant on social media. Respondent offered emails from 2012 as examples of appellant's unwanted communications from around the time the relationship ended. The district court admitted the emails into evidence over appellant's objection.

Appellant denied the allegations in the petition.  He testified that he has not had contact with respondent since 2011 or 2012.  He testified that he had not known that respondent worked at the location where he had recently accepted a position, and that he accepted the job because he had previously worked there and knew of and wanted the employment benefits there.

The district court issued an HRO.  The district court found that respondent had not proved her allegation of sexual assault, but found that reasonable grounds existed to believe appellant had harassed respondent in 2011 or 2012.  The district court concluded that appellant had (1) "followed, pursued or stalked the petitioner" by "frequenting the college dorm and building frequented by petitioner;" (2) "made harassing phone calls to the petitioner;" (3) "made threats to the petitioner;" and (4) "frightened petitioner with threatening behavior."  The district court concluded that the latter three grounds were supported by the behavior of appellant "as alleged in the petition and Exh. #1."

This appeal followed.

**D E C I S I O N**

## I. Factual findings

As a preliminary matter, appellant argues that the district court's factual findings are insufficient to support the HRO because the district court's written findings do not demonstrate which specific facts support the allegations.  A district court must make specific findings as to allegations of harassment before it may issue a restraining order. *See Mechtel v. Mechtel*, 528 N.W.2d 916, 920-21 (Minn. App. 1995) (requiring written or oral findings for an order for protection); Minn. R. Civ. P. 52.01 ("In all actions tried upon

the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law thereon."). Findings are required "to permit meaningful review upon appeal and it is therefore necessary that trial courts find facts and state conclusions clearly and specifically." *Crowley Co. v. Metro. Airports Comm'n*, 394 N.W.2d 542, 545 (Minn. App. 1986) (quotation omitted). Remand for further factual findings is unnecessary if we can infer the findings from the district court's conclusions. *Welch v. Comm'r of Pub. Safety*, 545 N.W.2d 692, 694 (Minn. App. 1996).

Here, the district court made a specific finding that appellant harassed respondent by waiting outside of her dorm and buildings. The parties agree that there had been no contact between them for at least four years, and it is therefore evident that that harassing conduct found by the district court was from 2011 or 2012. The district court was presented with the petition, testimony, and other evidence concerning harassing conduct and found respondent's allegations of unwanted communications and threats to be credible, even while it found respondent's allegations of assault to be not credible. Because we can infer which evidence the district court found to be credible and which it found not credible by its conclusions, remand is unnecessary. *See Grein v. Grein*, 364 N.W.2d 383, 387 (Minn. 1985) (refusing to remand a custody dispute for missing findings of fact after reviewing the files, record, and findings the district court did make, because doing so would not alter the result).

## II. Reasonable grounds

We apply an abuse-of-discretion standard of review to a district court's ultimate decision to issue an HRO. *Peterson v. Johnson*, 755 N.W.2d 758, 761 (Minn. App. 2008).

4

"A district court's findings of fact will not be set aside unless clearly erroneous, and due regard is given to the district court's opportunity to judge the credibility of witnesses." *Kush v. Mathison*, 683 N.W.2d 841, 843-44 (Minn. App. 2004), *review denied* (Minn. Sept. 29, 2001). In reviewing whether a district court abused its discretion, we may consider the broader context in which the alleged harassment took place. *See Witchell v. Witchell*, 606 N.W.2d 730, 732 (Minn. App. 2000) (examining comments written by husband "in context" in concluding statements were not harassment). Whether the facts found by the district court satisfy the elements of harassment is a question of law that we consider de novo. *Peterson*, 755 N.W.2d at 761.

A district court may grant an HRO if it finds that there are reasonable grounds to believe that a person has engaged in harassment. Minn. Stat. § 609.748, subd. 5(b)(3) (2016). "Harassment" is defined in relevant part as

> a single incident of physical or sexual assault . . . or repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another, regardless of the relationship between the actor and the intended target.

*Id.*, subd. 1(a)(1) (2016). To obtain an HRO, the petitioner must prove: (1) "objectively unreasonable conduct or intent on the part of the harasser;" and (2) "an objectively reasonable belief on the part of the person subject to harassing conduct" of a "substantial adverse effect on [the person's] safety, security, or privacy." *Dunham v. Roer*, 708 N.W.2d 552, 567 (Minn. App. 2006), *review denied* (Minn. Mar. 28, 2006); *Peterson*, 755 N.W.2d at 764 (examining whether conduct had a substantial adverse effect on the petitioner's

safety, security, or privacy, and whether the petitioner had an objectively reasonable belief of such an effect) (quotation omitted).

The district court found that respondent had not proved an assault, as alleged in her petition. Respondent does not challenge this finding. The question therefore becomes whether respondent proved repeated incidents of intrusive or unwanted acts that have or were intended to have a substantial adverse effect on respondent.

Appellant cites *Kass v. Kass*, 355 N.W.2d 335 (Minn. App. 1984), in support of his argument that reasonable grounds do not exist for the grant of an HRO because four years have passed since the last incident of harassment. In *Kass*, the appellant challenged the issuance of an order for protection (OFP) in favor of the respondent, his ex-wife, who had requested the OFP after she saw a person that she believed to be appellant travelling in the car behind her. 355 N.W.2d at 336-37. The respondent alleged that appellant had abused and threatened her during the marriage, the most recent incident occurring four years before the OFP was requested. *Id.* at 337. The district court found that an incident of abuse occurred four years prior and issued the OFP. *Id.* While construing the Domestic Abuse Act to require a showing of present harm or present intent to harm, we also noted that "we find no record to justify the issuance of a restraining order merely based upon respondent seeing appellant on a public street for the first time in four years." *Id.*

While we have previously stated that the Domestic Abuse Act and the harassment statute "are sufficiently similar so that we may recognize caselaw construing the former as applicable to the latter," *Anderson v. Lake*, 536 N.W.2d 909, 911 (Minn. App. 1995), the plain language of the harassment statute, unlike the statute at issue in *Kass*, includes no

6

requirement of a showing of either present harm or a present intent to do harm. *Cf.* Minn. Stat. § 518B.01, subd. 2(a)(1)-(2) (2016) (defining "domestic abuse" as including either commission of an assault or the "infliction of fear of *imminent* physical harm, bodily injury, or assault" (emphasis added)). On the question of whether a present intention must be proved to support the issuance of a restraining order, *Kass* is therefore distinguishable.

Recognizing that *Kass* does not directly apply to require proof of present harm or present intent to harm in a proceeding under Minn. Stat. § 609.748, we nevertheless consider it instructive on whether sufficient evidence exists here to support the issuance of the HRO. Unlike in *Kass*, the district court here specifically rejected the claim that appellant physically or sexually assaulted respondent. We are therefore not presented with the question of whether the evidence would support an HRO in a case where the petitioner had been physically or sexually assaulted four years prior. The terms of the statute expressly provide that a single incident of physical or sexual assault is a sufficient basis for issuing an HRO. Minn. Stat. § 609.748, subd. 1(a)(1). Instead, we are here presented with the question of whether, *absent* a finding of physical or sexual abuse, it is "objectively reasonable" for respondent to believe that appellant's actions four years earlier continue to have a substantial adverse effect on her safety, security, or privacy. *Dunham*, 708 N.W.2d at 567; *Peterson*, 755 N.W.2d at 764 (quotation omitted).

Although respondent alleged in her petition and testified that she was afraid that respondent would attempt to contact her, and accepting the allegations of the petition to be true (except for the sexual-assault allegations rejected by the district court), we are not persuaded that the evidence here is sufficient to support an "objectively reasonable belief"

7

of a "substantial adverse effect on [respondent's] safety security or privacy." *Dunham*, 708 N.W.2d at 567. Appellant and respondent both testified that (at least until the HRO proceeding resulted in their both being in court together) they had not had any contact since 2011 or 2012. There is no record evidence that respondent knew appellant was working at the same location at which he applied for and took work in 2016. In the absence of a finding that physical or sexual abuse occurred, and in the absence of any contact whatsoever between the parties in the intervening period, we can see no reasonable connection between respondent's current fear and appellant's harassing conduct from four years prior. The statute "requires both objectively unreasonable conduct or intent on the part of the harasser and an objectively reasonable belief on the part of the person subject to harassing conduct." *Id.* The record here is sufficient to support the first of those requirements, but after four years of no contact between the parties it is insufficient to support the latter. There is, as noted, no claim or evidence in the record that appellant took work in the building where respondent works in order to contact her. And there was no contact. We therefore reverse the district court's order granting respondent an HRO.

## III. Evidentiary challenges

Because we reverse the district court's order finding that reasonable grounds existed to issue the HRO, we do not address appellant's evidentiary challenges.

**Reversed.**