*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-1601
A25-1602**

Gary Lee Ambrose,
Respondent,

vs.

Shea Jerred Nettifee,
Appellant (A25-1601),

Idlelee Renee Ambrose,
Respondent,

vs.

Shea Jerred Nettifee,
Appellant (A25-1602).

**Filed March 23, 2026
Affirmed
Schmidt, Judge**

Lincoln County District Court
File No. 41-CV-25-98

Gary Lee Ambrose, Lake Benton, Minnesota (self-represented respondent)

Idlelee Renee Ambrose, Lake Benton, Minnesota (self-represented respondent)

Shea Jerred Nettifee, Lake Benton, Minnesota (self-represented appellant)

        Considered and decided by Larson, Presiding Judge; Johnson, Judge; and Schmidt, Judge.

**SCHMIDT**, Judge

Appellant Shea Jerred Nettifee argues that the district court abused its discretion in granting two harassment restraining orders (HROs) against him by (1) violating his procedural-due-process rights; (2) making findings unsupported by the record; (3) violating his free-speech constitutional rights; (4) fashioning geographic restrictions; and (5) denying his rule 60.02 motions. We affirm.

## FACTS

Respondents Gary and Idlelee Ambrose petitioned for HROs against Nettifee. The Ambroses alleged that Nettifee went by their house daily to taunt them. They also alleged that he abused and threatened them on social media. The Ambroses asserted that Nettifee's conduct impacted their safety, security, privacy, and wellbeing.

The district court issued ex parte orders granting temporary relief to both Gary and Idlelee. Nettifee requested a hearing, which the district court scheduled. The hearing notices served on Nettifee stated, "If Respondent fails to appear at the hearing, the court may grant whatever the Petitioner has requested."

The district court called both matters at the scheduled date and time. The Ambroses appeared, but Nettifee did not. A few minutes after calling the cases, the district court adjourned the hearing and granted both petitions. The HROs required Nettifee to have no contact with Gary or Idlelee, remain at least 800 feet away from their home, and stay at least 500 feet away from Idlelee's place of work.

Nettifee filed letters requesting another hearing, noting that he arrived late and that the hearing had already concluded. The district court denied Nettifee's request. Nettifee later moved to vacate or modify the HROs, which the district court denied.

Nettifee appealed both HROs. We consolidated his appeals.

**DECISION**

Nettifee challenges the HROs under multiple theories. Before addressing his arguments, we provide a brief background on HROs and articulate our standard of review.

A district court may issue an HRO if there are "reasonable grounds" to believe that a person has engaged in harassment. Minn. Stat. § 609.748, subd. 5(a), (b)(3) (2024). The statute defines "harassment," in part, as "repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another." *Id.*, subd. 1(a)(1) (2024). In assessing an HRO petition, a district court must decide whether the alleged harasser's conduct was "objectively unreasonable" and whether the petitioner's allegations constitute an "objectively reasonable belief." *Wilson v. Wilson*, 11 N.W.3d 331, 338 (Minn. App. 2024) (quotations omitted), *rev. denied* (Minn. Dec. 17, 2024).

We review a district court's issuance of an HRO for an abuse of discretion. *Beach v. Jeschke*, 649 N.W.2d 502, 503 (Minn. App. 2002). A district court abuses its discretion if it makes findings that are unsupported by the evidence or legal determinations that are unsupported by the law. *State v. Underdahl*, 767 N.W.2d 677, 684 (Minn. 2009).

We now turn to the merits of Nettifee's various arguments for reversal of the HROs.

3

**A.     The district court did not violate Nettifee's due-process rights.**

Nettifee argues that the district court violated his procedural-due-process rights by issuing the HROs without providing him an opportunity to be heard.  We review due-process claims de novo.  *Gams v. Houghton*, 884 N.W.2d 611, 618 (Minn. 2016).

Both the United States and Minnesota Constitutions provide that the government may not deprive a person "of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1; *see also* Minn. Const. art. I, § 7.  Procedural due process requires the opportunity for a party "to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation omitted).  As relevant to this appeal, a person's due-process rights are protected when the individual receives adequate notice of a hearing even if they do not attend. *In re Welfare of Child. of G.A.H.*, 998 N.W.2d 222, 235 (Minn. 2023).  The right to procedural due process does not require a district court to reopen a matter until an absent party appears.  *See, e.g.*, *id.* at 236, 238.

Here, Nettifee received notice of the hearing, was warned that his failure to appear may result in the district court granting the relief requested, and offered no excuse for being late.  Based upon the caselaw, the court did not violate Nettifee's due-process rights when it declined to hold a second hearing after Nettifee missed the first.  *See id.* at 235.

**B.     The district court's findings are supported by the record.**

Nettifee raises three grounds on which he claims that the district court made findings of fact that are not supported by the record.  First, he contends that "[t]he district court's orders lack findings supported by evidence of a 'course of conduct' as defined" by statute. But the statute Nettifee cites does not include any course-of-conduct language.  *See* Minn.

4

Stat. § 609.748, subd. 1(a)(1). Instead, the statute states that "repeated incidents of intrusive or unwanted acts, words, or gestures" qualify as harassment, so long as they "have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another." *Id.* The district court determined that there were reasonable grounds to believe that Nettifee engaged in harassment, which included an implicit finding of "repeated incidents of intrusive or unwanted acts, words, or gestures." *Id.* That implicit finding is supported by the record through evidence of Nettifee's social media posts and his daily walks or drives past the Ambroses' house.

Second, Nettifee contends that the record does not support the district court's findings of harassment because his social media posts consisted of public activity, not targeted messages. But Nettifee cites no law requiring conduct to be directly targeted at a person before constituting "harassment." And we will not consider claims on appeal that are unsupported by citations to legal authority, particularly when no prejudicial error is obvious on mere inspection. *See State v. Bartylla*, 755 N.W.2d 8, 22-23 (Minn. 2008). We discern no prejudicial error on inspection because the statute's text provides no support for this narrow interpretation. *See* Minn. Stat. § 609.748, subd. 1(a)(1).

Third, Nettifee argues that the statute "requires more than speculation" before a district court may grant an HRO. While true, the district court here made the statutorily required findings "that there are reasonable grounds to believe that the respondent has engaged in harassment." *Id.*, subd. 5(b)(3). Thus, the district court did not engage in speculation when granting the HROs. Nettifee failed to show that the district court's findings were clearly erroneous or unsupported by sufficient evidence.

5

**C.      The district court did not violate Nettifee's free speech rights.**

Nettifee argues that the district court erroneously based the HROs on speech that was protected by the First Amendment to the United States Constitution and the Minnesota Constitution.  Both the federal and state constitutions guarantee the right to free speech.  U.S. Const. amend. I; Minn. Const. art. I, § 3.[1]  But this right is not without limits.

We have held that regulation of conduct constituting "harassment" under Minnesota Statutes section 609.748 is not unconstitutional because the statute "only regulates speech or conduct that constitutes 'fighting words,' 'true threats,' or substantial invasions of one's privacy."  *Dunham v. Roer*, 708 N.W.2d 552, 566 (Minn. App. 2006), *rev. denied* (Minn. Mar. 28, 2006).  On appeal, Nettifee has not challenged that his social media posts do not fit into one or more of the categories that the statute regulates.  Because Nettifee's social media posts constituted harassment under section 609.748, they were not protected by the First Amendment or by article I, section 3 of the Minnesota Constitution.  Accordingly, the district court did not violate Nettifee's right to freedom of speech in issuing the HROs.

**D.      The HROs geographic restrictions were within the court's discretion.**

Nettifee argues that the district court abused its discretion by imposing broader geographic restrictions than necessary.  But Nettifee does not support this argument with either legal authority or citations to evidence in the record.  An assignment of error that is unsupported by legal authority is forfeited.  *Bartylla*, 755 N.W.2d at 22-23.

---

[1] The Minnesota Constitution's free-speech protections are co-extensive with those under the United States Constitution.  *State v. Casillas*, 952 N.W.2d 629, 636 n.3 (Minn. 2020).

And we discern no obvious prejudicial error on mere inspection. *Id.* Imposing geographic restrictions was within the district court's statutory authorization to require Nettifee to have no contact with the Ambroses. *See* Minn. Stat. § 609.748, subd. 5(a). The district court did not abuse its discretion in fashioning the geographic restrictions.

**E.     The court did not abuse its discretion in denying the rule 60.02 motions.**

Nettifee argues that the district court abused its discretion by denying his motions requesting relief under Minnesota Rule of Civil Procedure 60.02. Under rule 60.02, a district court "may relieve a party . . . from a final judgment . . . , order, or proceeding" and may grant relief due to a "[m]istake, inadvertence, surprise, or excusable neglect." Minn. R. Civ. P. 60.02. To obtain relief, a movant must establish that (1) they have a reasonable defense on the merits, (2) they have a reasonable excuse for failing to answer, (3) they have acted with due diligence after receiving notice that judgment entered, and (4) there will be no substantial prejudice to the other party if the district court grants the motion. *Finden v. Klaas*, 128 N.W.2d 748, 750 (Minn. 1964) (quotation omitted).

The district court disposed of Nettifee's motions on the second factor listed above, finding that Nettifee offered no reasonable excuse for his failure to appear at the scheduled hearing. This finding is supported by the record because Nettifee received notice of the correct hearing date and time. *See Cole v. Wutzke*, 884 N.W.2d 634, 639 (Minn. 2016) ("[I]t is generally for the district court to determine whether the excuse offered by the movant is true and reasonable under the circumstances."). Thus, the court did not abuse its discretion in denying Nettifee's rule 60.02 motions.

**Affirmed.**

7